# United States District Court
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| DOMINIQUE ALEXANDER, CARVELL BOWENS, CYRUS CEZAR, DAMON CRENSHAW, DAJAI FIELDS, CYNTHIA FLORES, TRACY FOSTER, JASMIN GALVAN, DEBBIE KIM, ALEXIS MCKINNEY, LAPREA PIERCE, AMY SMITH, LAKEISHA SMITH, NATHAN TINDALL, ELISEO VALDEZ, COURTNEY WADLOW, and CNAYA WARREN<br><br>v.<br><br>CITY OF DALLAS, DALLAS POLICE CHIEF EDGARDO "EDDIE" GARCIA, FORMER CITY OF DALLAS POLICE CHIEF ULYSHA RENEÉ HALL, DALLAS COUNTY, TEXAS, and DALLAS COUNTY SHERIFF MARIAN BROWN | § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:22-CV-1193-S |

## ORDER

On March 25, 2024, the Court issued a Memorandum Opinion and Order ("Opinion") [ECF No. 45] identifying deficiencies in Plaintiffs' Second Amended Complaint and giving Plaintiffs until April 8, 2024, to file an amended complaint. Plaintiffs have since filed two amended complaints, *see* ECF No. 46, 47, but neither remedies certain deficiencies identified in the Opinion.

First, the Court stated that it was unclear who the intended defendants are in this case because Plaintiffs named different individuals and entities at different points in the Second Amended Complaint. *See Alexander v. City of Dallas*, No. 3:22-CV-1193-S, 2024 WL 1260584, at *1 n.2 (N.D. Tex. Mar. 25, 2024). The Court instructed Plaintiffs to "clearly and consistently identify the individuals and/or entities named as defendants" in any amended complaint. *Id.* In the "Second Amended Complaint" filed by Plaintiffs on April 9, 2024—which the Court will refer to

as the Fourth Amended Complaint—Plaintiffs again fail to clearly and consistently identify the individuals and/or entities named as defendants. *See* Pl.'s Fourth Am. Compl. [ECF No. 47].

In the case caption, Plaintiffs list the City of Dallas, Dallas Police Chief Edgardo "Eddie" Garcia, Former Dallas Police Chief Ulysha Reneé Hall, Dallas County, and Sheriff Marian Brown as Defendants. *Id.* at 1. In the introductory paragraph, they add John and Jane Roe Police Officers 1-10, John and Jane Smith Sheriff's Deputies 1-10, the State of Texas, the Texas Department of Public Safety ("DPS"), DPS Director Steven McCraw, and John and Jane White State Troopers 1-10. *Id.* at 1-2. In the "Defendants" section, Plaintiffs omit the State of Texas, DPS, McCraw, and John and Jane White State Troopers 1-10. *Id.* ¶¶ 20-30. Elsewhere, Plaintiffs refer to "Federal Agent Defendants" and "Federal Agents." *See, e.g., id.* ¶¶ 2, 56, 211. Plaintiffs then assert several of their causes of action against "All Defendants," but the Court is left to guess who "All Defendants" are. *See id.* ¶¶ 128-61, 209-13. Further, the allegations listed within these causes of action only identify some of the many Defendants named in the Fourth Amended Complaint. *See, e.g., id.* ¶¶ 128-45 (First Amendment claim asserted against "All Defendants" but only including allegations against "City of Dallas Defendants"), 146-61 (excessive force claim asserted against "All Defendants" but only including allegations against Hall and "DPD Officer Defendants").

Therefore, the Court again **ORDERS** Plaintiffs to clearly and consistently identify the individuals and/or entities named as defendants. The case caption, introductory paragraph, and list of parties must all contain the same individuals and/or entities. And the causes of action must clearly identify which Defendant(s) each claim is asserted against.

Second, the Court previously dismissed with prejudice Plaintiffs' claims against Defendants John and Jane Roe Dallas Police Officers 1-10 and John and Jane Smith Sheriff's

Deputies 1-10. *See Alexander*, 2024 WL 1260584, at *10. Despite this dismissal, Plaintiffs again name these individuals as Defendants. *See, e.g.*, Pl.'s Fourth Am. Compl. 1-2, ¶ 30. The Court **ORDERS** Plaintiffs to amend their Complaint to remove these individuals as Defendants. The Court further **ORDERS** Plaintiffs to consider whether withdrawal of Counts Two and Four, asserted against "DPD Officer Defendants" and "Law Enforcement Defendants," respectively, is warranted in light of the statute of limitations issues identified in the Opinion. *See id.* ¶¶ 146-61, 166-79; *see also id.* ¶ 30 (defining "Law Enforcement Officers" as the unidentified "[p]olice [o]fficers, [s]heriff [d]eputies, [s]tate [t]roopers[,] and [f]ederal agents"); *Alexander*, 2024 WL 1260584, at *4.

The Court **ORDERS** Plaintiffs to file an amended complaint in compliance with this Order by no later than **April 18, 2024**. If an amended complaint is not filed within such time, Plaintiffs' claims will be dismissed with prejudice. The Court cautions Plaintiffs that failure to comply with this Order may result in dismissal of Plaintiffs' claims against insufficiently identified Defendants without prejudice without further notice. *See* FED. R. CIV. P. 41(b).

**SO ORDERED.**

SIGNED April 11, 2024.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**

3